# United States Bankruptcy Court
## Central District of Illinois

In re:   Curtis L. Walker d/b/a Express Contracting          Case No.

<u>Chapter 13 Debtor-in-Possession</u>

## CHAPTER 13 PLAN

1. Payments to the Trustee: The future earnings or other future income of the Debtor are submitted to the supervision and control of the trustee and subject to modification if circumstances arise to modify, in the amount of $3,000.00 monthly, plus non-exempt tax refunds for 48 months of the Plan.

Total plan payments: $144,000.00 or 100% of all claims whichever occurs first, plus non-exempt tax refunds.

2. Plan Length: This plan is estimated to be for 48 months, first payment due within 30 days of filing as per Code.

3. Allowed claims against the Debtor shall be paid in accordance with the provisions of the Bankruptcy Code and this Plan.

   a. Secured creditors shall retain their mortgage, lien or security interest in collateral until the amount of their allowed secured claims have been fully paid or until the Debtor have been discharged. Upon payment of the amount allowed by the Court as a secured claim in the Plan, the secured creditors included in the Plan shall be deemed to have their full claims satisfied and shall terminate any mortgage, lien or security interest on the Debtor' property which was in existence at the time of the filing of the Plan, or the Court may order termination of such mortgage, lien or security interest.

   b. Creditors who have co-signers, co-makers, or guarantors ("Co-Obligors") from whom they are enjoined from collection under 11 U.S.C. § 1301, and which are separately classified and shall file their claims, including all of the contractual interest which is due or will become due during the consummation of the Plan, and payment of the amount specified in the proof of claim to the creditors shall constitute full payment of the debt as to the Debtor and any Co-Obligor.

   c. All priority creditors under 11 U.S.C. § 507 shall be paid in full in deferred cash payments.

1

4. From the payments received under the plan, the trustee shall make disbursements as follows:
   a. Administrative Expenses
      (1) Trustee's Fee: Statutory percentage.

      (2) Attorney's Fee (unpaid portion): Hourly as per contract (est. $18,000.00).

      (3) Filing Fee (unpaid portion): None.

   b. Priority Claims under 11 U.S.C. § 507

| Name | Amount of Claim |
|---|---|
| IDR | $2822.00 |
| IRS | $30,000.00 (disputed – not paid until a claim is allowed) |
| IRS | $9,834.83 |
| Operating Engineers | $5,100.00 (disputed – not paid until a claim is allowed) |
| Iron Workers | $28,523.00 (disputed – not paid until a claim is allowed) |

For the disputed claims, the trustee shall pay 100% of the allowed claim per code and rules.

   c. Secured Claims
      (1) Secured Debts Which Will Not Extend Beyond the Length of the Plan.

| Name | Proposed Amount of | Monthly Payment | Interest Rate (if specified) |
|---|---|---|---|
| NONE. | | | |

      (2) Secured Debts Which Will Extend Beyond the Length of the Plan

| Name | Amount of Claim | Monthly Payment | Interest Rate (if specified) |
|---|---|---|---|
| NONE. | | | |

   d. Post-petition §1305 Emergency Medical Bills

100% if any arise. As of filing: none.

   e. Unsecured Claims
      (1) Special Nonpriority Unsecured: Debts which are co-signed shall be paid in full (100%).

| Name | Amount of Claim |
|---|---|
| None | |

      (2) General Nonpriority Unsecured: Other unsecured debts shall be paid 100%.

5. The Debtor proposes to cure defaults to the following creditors by means of payments by the trustee at his discretion, without interest, but as soon as practicable:

| Creditor | Amount of Default to be Cured | Monthly Payment |
|---|---|---|
| Fenton | $18,812.50 (without interest) | Trustee's discretion |

NOTE: All of paragraph 5 defaulted amount should pay loan in full.

6. The Debtor shall make regular payments directly to the following creditors:

| Name | Amount of Claim | Monthly Payment | Interest Rate (if specified) |
|---|---|---|---|
| IHMVCU | $9,339.00 | $336.00 | 5.00% |
| Veridian Credit Union | $15,000.00 | $424.00 | 5.25% |

7. The employer on whom the Court will be requested to order payment withheld from earnings is: None.

8. The following executory contracts of the Debtor are rejected:

    Other Party                      Description of Contract or Lease

    None.

9. The following executory contracts of the Debtor are assumed:

    | Other Party | Description of Contract or Lease |
    |---|---|
    | "D" Construction | Chicago road construction |
    | Dunteman Construction | Chicago construction projects |
    | Herley Construction | (2) Chicago road construction projects |
    | McCarthy Improvement | Ongoing bids and local construction project |
    | McHugh Construction | Chicago construction project – Lynnwood |
    | John Thomas | Dixon impact attenuater – ongoing supplies |
    | Lohman Brothers | W/C, general casualty and liability Berkley Insurance Company |
    | Katz Nowinski | Legal services for Chapter 13 |

10. Property to Be Surrendered to Secured Creditor:

    | Name | Description of Property |
    |---|---|
    | Wells Fargo | 2007 Dodge Ram |

11. The following liens shall be avoided pursuant to 11 U.S.C. §522(f), or other applicable sections of the Bankruptcy Code:

    Name                 Amount of Claim          Description of Property

    Investigation continues.

12. Title to the Debtor property shall revest in the Debtor on confirmation of a plan.

13. Other Provisions:  Debtor needs the steady services of an accountant and quite a bit more of up front financial analysis. Counsel will further assist, but will need to file a motion and obtain an order employing an accountant. 2014 and 2015 taxes need completion. Counsel's insistence on balance sheet and 2015 income statement highlight accounting shortcomings.

Date: 2-9-2016

*/s/ Curtis L. Walker*
Curtis L. Walker,
Chapter 13 Debtor-in-Possession

Dale G. Haake (IL ARDC No. 03124381)
Attorney for Debtor-in-Possession
Katz Nowinski P.C.
1000 36th Avenue
Moline, IL 61265
Tel: 309-797-3000
Email: dhaake@katzlawfirm.com
S:\DGH\FORMS\Curtis.Walker.Chapter.13.Plan.docx

4